**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br><br>LANDEN DALE HOOPER,<br><br>Debtor. | Case No. 26-12358<br>Chapter 7 |
| AMANDA PAL, an individual, JOSEPH PAL, an individual, and AMANDA PAL, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JOZSEF LASZLO MATTHEWS PAL,<br><br>Plaintiffs,<br><br>v.<br><br>LANDEN DALE HOOPER,<br><br>Defendant. | Adv. Pro. No. 26-01054 |

**DEFENDANT'S ANSWER TO PLAINTIFFS' ADVERSARY COMPLAINT**

COMES NOW Landen Dale Hooper ("Defendant") and submits *Defendant's Answer to Plaintiff's Adversary Complaint* (the "*Answer*") in response to *Plaintiffs' Adversary Complaint For Determination Of Nondischargeability And Judgment Pursuant To 11 U.S.C. § 523(a)(6)* (the "*Complaint*") [Doc. 19] filed on October 13, 2026, by Amanda Pal, an individual, Jospeh Pal, an individual, and Amanda Pal, as personal representative of the estate of Jozsef Laszlo Matthews Pal ("Plaintiffs"). Defendant consents to the entry of final orders or judgments by this Court on any issues in this adversary proceeding pursuant to Fed. R. Bankr. P. 7012(b). Defendant answers the *Complaint* as follows:

1. Admit.
2. Admit.

3. Admit.

4. Paragraph four (4) does not require Defendant to admit or deny an allegation.

5. Admit.

6. Admit.

7. Paragraph seven (7) does not require Defendant to admit or deny an allegation.

8. Defendant is without sufficient information to admit or deny the allegations contained in paragraph eight (8) and, therefore, denies the allegations and demands strict proof.

9. Defendant is without sufficient information to admit or deny the allegations contained in paragraph nine (9) and, therefore, denies the allegations and demands strict proof.

10. Defendant is without sufficient information to admit or deny the allegations contained in paragraph ten (10) and, therefore, denies the allegations and demands strict proof.

11. Deny.

12. Admit.

13. Defendant is without sufficient information to admit or deny the allegations contained in paragraph thirteen (13) and, therefore, denies the allegations and demands strict proof.

14. Defendant is without sufficient information to admit or deny the allegations contained in paragraph fourteen (14) and, therefore, denies the allegations and demands strict proof.

15. Defendant is without sufficient information to admit or deny the allegations contained in paragraph fifteen (15) and, therefore, denies the allegations and demands strict proof.

16. Deny.

17. Defendant admits paragraph seventeen (17) to the extent that it alleges that at an unknown time in the early morning hours of March 2, 2025, an individual later identified as Joszef Pal ("Joe") approached the truck in which Defendant was sitting and began aggressively

demanding entry while also aggressively pulling the door handle in an effort to gain unauthorized entry. Defendant is without sufficient information to admit or deny the remainder of paragraph seventeen (17) and, therefore, denies the allegations and demands strict proof.

18. Defendant admits paragraph eighteen (18) to the extent that Joe was denied entry into the vehicle despite repeated attempts to gain unauthorized entry.
19. Defendant admits paragraph nineteen (19) to the extent that it correctly identifies Defendant's location in the vehicle and that Defendant lowered the window. The remainder of paragraph nineteen (19) is denied.
20. Admit.
21. Deny.
22. Deny.
23. Defendant admits paragraph twenty-three (23) to the extent that a verbal exchange occurred. The remainder of the allegations in paragraph twenty-three (23) are denied.
24. Defendant admits paragraph twenty-four (24) to the extent that Joe did not strike Defendant. The remainder of the allegations in paragraph twenty-four (24) are denied.
25. Admit.
26. Deny.
27. Defendant admits paragraph twenty-seven (27) to the extent that he made a statement to law enforcement officers. Defendant denies the characterization of the statement as an admission.
28. Defendant admits paragraph twenty-eight (28) to the extent that Joe fell backward and hit his head on the ground. The remainder of paragraph twenty-eight (28) is denied.

29. Defendant is without sufficient information to admit or deny the allegations contained in paragraph twenty-nine (29) and, therefore, denies the allegations and demands strict proof.
30. Defendant admits paragraph thirty (30) to the extent that he remained with Joe until emergency personnel arrived at the scene. Defendant is without sufficient information to admit or deny the remainder of paragraph thirty (30) and, therefore, denies the allegations and demands strict proof.
31. Defendant admits paragraph thirty-one (31) to the extent that Joe appeared to be unconscious and bleeding from a small wound in the back of his head. The remainder of paragraph thirty-one (31) is denied.
32. Defendant is without sufficient information to admit or deny the allegations contained in paragraph thirty-two (32) and, therefore, denies the allegations and demands strict proof.
33. Defendant admits paragraph thirty-three (33) to the extent that he communicated with others following his encounter with Joe. Defendant is without sufficient information to admit or deny the remainder of paragraph thirty-three (33) and, therefore, denies the allegations and demands strict proof.
34. Defendant is without sufficient information to admit or deny the allegations contained in paragraph thirty-four (34) and, therefore, denies the allegations and demands strict proof.
35. Defendant is without sufficient information to admit or deny the allegations contained in paragraph thirty-five (35) and, therefore, denies the allegations and demands strict proof.
36. Defendant admits paragraph thirty-six (36) to the extent that Defendant placed a call to 911. Defendant is without sufficient information to admit or deny the remainder of paragraph thirty-six (36) and, therefore, denies the allegations and demands strict proof.
37. Admit.

38. Defendant is without sufficient information to admit or deny the allegations contained in paragraph thirty-eight (38) and, therefore, denies the allegations and demands strict proof.
39. Defendant is without sufficient information to admit or deny the allegations contained in paragraph thirty-nine (39) and, therefore, denies the allegations and demands strict proof.
40. Defendant is without sufficient information to admit or deny the allegations contained in paragraph forty (40) and, therefore, denies the allegations and demands strict proof.
41. Defendant is without sufficient information to admit or deny the allegations contained in paragraph forty-one (41) and, therefore, denies the allegations and demands strict proof.
42. Admit.
43. Admit.
44. Admit.
45. Paragraph forty-five (45) does not require Defendant to admit or deny an allegation.
46. Admit.
47. Deny.
48. Deny.
49. Defendant admits paragraph forty-nine (49) to the extent that he made a statement to law enforcement officers. Defendant denies the characterization of the statement as an admission.
50. Deny.
51. Deny.
52. Deny.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' *Complaint* fails to state a claim upon which relief can be granted;

2. Plaintiffs' claim arises out of conduct by Jozsef Pal and/or third parties over whom Defendant had no control;
3. Any action taken by Defendant was justified by self-defense;
4. Any action taken by Defendant, including but not limited to the application of force, was reasonable and not excessive under the circumstances;
5. Any application of force by Defendant was not the proximate cause of the injuries which resulted in the death of Joszef Pal;
6. Dischargeability in bankruptcy.

Defendant reserves the right to assert all affirmative defenses as they may become known through discovery.

WHEREFORE PREMISES CONSIDERED, Defendant Landen Dale Hooper requests that the Court deny the claims asserted and relief requested by the Plaintiffs, as asserted in the *Complaint*, and for such further relief that the Court deems just and equitable.

Respectfully submitted,

Olivia G. Kilby, OBA #36696
Gary D. Hammond, OBA #13825
HAMMOND LAW FIRM
512 N.W. 12th Street
Oklahoma City, OK 73103
405.216.0007 Phone
405.232.6358 Fax
olivia@okatty.com Email
gary@okatty.com Email
**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2026, a copy of the foregoing document was sent via the Court's CM/ECF system to all parties registered to receive electronic notice in this case including:

Chloe N. Glass
Woodrow K. Glass
Geoffrey N. Tabor
1601 36th Avenue NW
Norman, OK 73072
*Attorneys for Plaintiffs*

/s/ Olivia G. Kilby
Olivia G. Kilby